Miscellaneous Docket No. 22-164

In The
# United States Court of Appeals for the Federal Circuit

In Re Apple Inc.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:21-cv-01071-ADA, Hon. Alan D Albright

## APPLE INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR A STAY OF PROCEEDINGS IN THE DISTRICT COURT PENDING RESOLUTION OF APPLE'S MANDAMUS PETITION

Steven D. Moore
Kilpatrick Townsend &
  Stockton LLP
Two Embarcadero Center
Suite 1900
San Francisco, CA  94111

Mansi Shah
Kilpatrick Townsend &
  Stockton LLP
1302 El Camino Real, Suite 175
Menlo Park, CA  94025

Alton L. Absher III
Kilpatrick Townsend &
  Stockton LLP
1001 West Fourth Street
Winston-Salem, NC  27101

Melanie L. Bostwick
Jonas Q. Wang
Orrick, Herrington &
  Sutcliffe LLP
1152 15th Street NW
Washington, DC  20005
(202) 339-8400

*Counsel for Petitioner*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................3

    I.    Apple's Petition Makes A Compelling Case For Mandamus. ............................................................................................4

    II.    Absent A Stay, Apple Would Be Irreparably Harmed By Participating In Substantive Proceedings In Texas. ..........8

    III.    A Brief Stay Would Not Harm Scramoge. .............................11

    IV.    The Public Interest Favors A Stay. ........................................12

CONCLUSION .....................................................................................................12

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ................................................. 1, 7, 10

*E-Watch, Inc. v. Lorex Can., Inc.*,
  No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........... 11

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) .......................................................... 9

*In re Google Inc.*,
  No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) ......... 7, 8, 9

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ................................................................... 3, 4, 11

*In re Horseshoe Ent.*,
  337 F.3d 429 (5th Cir. 2003) .......................................................... 7, 10

*In re Lloyd's Register N. Am., Inc.*,
  780 F.3d 283 (5th Cir. 2015) .................................................................. 9

*In re Nintendo Co.*,
  544 F. App'x 934 (Fed. Cir. 2013) .................................................. 7, 10

*Nken v. Holder*,
  556 U.S. 418 (2009) .................................................................... 3, 11

*In re SK hynix Inc.*,
  835 F. App'x 600 (Fed. Cir. 2021) ......................................................... 7

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
  897 F.2d 511 (Fed. Cir. 1990) ................................................................ 4

*In re TracFone Wireless, Inc.*,
  848 F. App'x 899 (Fed. Cir. 2021) .................................................. 4, 8

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .............................................................................. 9

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ............................................................... 9

**Statutes**

28 U.S.C. § 1404(a) ................................................................................. 9

# INTRODUCTION

Apple Inc. petitioned for mandamus because the district court impermissibly postponed ruling on Apple's fully briefed transfer motion for more than eight months, while ordering the parties to complete fact discovery and take other substantive steps in the litigation. Apple moved for a stay in the district court pending this Court's review of the mandamus petition and then, after not receiving a ruling on that motion, moved for a stay in this Court. The district court has since denied Apple's stay motion.

Apple moved for a stay because the district court was moving "ahead on the merits in significant respects." *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020). Without a pause in the district court proceedings, the parties will continue proceeding through fact discovery and other substantive aspects of this case, and the district court will address the merits of the case, such as hearing discovery disputes.

The Court's stay authority exists for cases like this. Granting Apple's motion will ensure that the Court has time to meaningfully act on a compelling petition for mandamus relief. It will prevent irreparable harm to Apple, including spending time and resources

litigating the merits of this case in an inconvenient venue. A stay will also serve the public's interest in convenient venue and conservation of judicial resources. Scramoge, meanwhile, would suffer no harm from a short delay.

Scramoge's only response to the request for a stay is to blame Apple for the delay imposed by the district court's new scheduling order and to minimize the irreversible harm that litigating in an inconvenient venue will cause Apple. Neither characterization is accurate, nor an answer to the merits of Apple's stay request. Meanwhile, Scramoge seeks to minimize the district court's dramatic revision of the schedule governing transfer as reflecting "ordinary discovery issues." Opp. 2. But the district court's revised scheduling order affirmatively orders the parties to complete fact discovery and otherwise press forward on the merits, after which they must "renew" briefing on the transfer issue, delaying resolution of transfer to at least eleven months after since Apple first filed its transfer motion, and while a related case remains pending in the Northern District of California. Mot. 2-3. Scramoge's defense of the district court's scheduling order disregards this Court's

precedent requiring district courts to address transfer motions at the outset of litigation.

None of Scramoge's arguments counters the merits of Apple's motion, which shows that each factor of the governing test favors a stay. The Court should grant the motion and stay the district court proceedings until this Court determines whether the district court must resolve Apple's transfer motion before the case moves forward further on the merits.

## ARGUMENT

As Apple's motion demonstrated (at 12-20), all four factors of the governing test favor a stay: (1) the mandamus petition "has made a strong showing" on the merits; (2) Apple "will be irreparably injured absent a stay"; (3) a short delay will not "substantially injure" Scramoge; and (4) a stay is in "the public interest." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Scramoge's opposition does not call any of these factors into question.

**I.   Apple's Petition Makes A Compelling Case For Mandamus.**

Apple's mandamus petition shows that the district court clearly abused its discretion by delaying a ruling on Apple's transfer motion until the end of fact discovery, and more than a year after Apple filed its motion. Mot. 12-16; Pet. 17-23. The district court's new discovery and scheduling order—issued sua sponte and contrary to both parties' preference for a prompt resolution of the transfer motion—not only significantly delays a transfer decision, but also requires the parties to litigate the merits of the case before the court will even consider transferring the case.

This Court has already held that proceeding on the merits before deciding transfer is improper, and gives rise to a clear right to mandamus relief. *See In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900-01 (Fed. Cir. 2021); Mot. 2; Pet. 17-23. Apple's merits case is thus compelling. At the very least, it is "substantial," which warrants a stay here because "the other factors militate in [the] movant's favor." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (quoting *Hilton*, 481 U.S. at 778) (emphasis omitted).

Scramoge challenges the strength of Apple's petition only by repeating its meritless argument from its mandamus opposition—namely, that Apple is to blame for the court-ordered delay in this case. Scramoge criticizes Apple for providing additional evidence with its transfer reply brief. Opp. 4. But Apple's reply declarations directly responded to the unfounded speculations Scramoge raised for the first time in its response. Pet. Reply 6. Indeed, despite repeated opportunities, Scramoge has not identified a single piece of evidence Apple provided in its reply that did not directly respond to an argument Scramoge introduced for the first time in its opposition. *Id*.

Scramoge also argues that Apple injected delay into the case by "cho[osing] not to substantively respond to venue interrogatories" and providing rebuttal evidence in its reply. Opp. 4. But Apple answered Scramoge's interrogatories and did not understand Scramoge to find those responses insufficient. Scramoge, for instance, did not seek any further information or move to compel. *See* Dkt. 8 at 1-2; Pet. Reply 12.

Scramoge reprises its attacks on Apple's venue declarant, Mark Rollins, as providing "unreliable evidence" in his declaration, Opp. 4, 10, but as Apple has shown, those criticisms are not well-founded, *see*

Pet. Reply 7-12. Neither Scramoge nor the district court has identified any inaccurate information provided in Mr. Rollins's declaration in this or any other case. Pet. Reply 9-10. And there is no basis to discount the credibility or competence of Mr. Rollins, as Scramoge asserts in two conclusory sentences. Opp. 4, 10; *see* Pet. Reply 7-12. Scramoge could have responded to the points Apple made in its petition reply, but Scramoge did not.

If anything, the district court's order was invited by Scramoge's actions, not Apple's. Scramoge filed a motion to strike rebuttal evidence from Apple's transfer reply instead of proceeding with a sur-reply as Apple offered. Pet. 13. The district court, in granting Scramoge's motion in part, sua sponte issued the new scheduling order requiring additional venue discovery and a significant delay in resolving transfer. *See* Dkt. 8, Order at 14.

Neither party, however, actually requested the additional venue discovery or delay. There was no reason for the district court to enter a new scheduling order at all, much less one that postponed a decision on Apple's transfer motion for more than eight months. Indeed, that delay is particularly problematic here, given that the parties' related

litigation has already been transferred to the Northern District of California.

Scramoge further argues that, despite an eight-month delay in deciding the transfer issue, the district court has nevertheless "discharged its responsibility to afford 'top priority' to Apple's transfer motion 'at the outset of litigation.'" Opp. 3. But Scramoge fails to explain how postponing a transfer decision until after fact discovery is complete (and nearly a year after the transfer motion was filed) could possibly meet that requirement. *See In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003); Pet. 17-19. It is not enough to just postpone the *Markman* hearing itself until after transfer is resolved. Rather, as this Court has explained, other substantive steps should also await a transfer decision, including fact discovery and the resolution of any discovery disputes. *See Apple*, 979 F.3d at 1338; *In re SK hynix Inc.*, 835 F. App'x 600, 600-01 (Fed. Cir. 2021); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015); Pet. 19-23.

Scramoge credits the district court's *original* standing order with prioritizing transfer issues before fact discovery and the *Markman*

hearing. Opp. 3. But Apple is not challenging that order, which no longer governs this case. Rather, Apple's petition seeks to remedy the district court's clear abuse of discretion in issuing a *new* scheduling order that requires the parties to spend an additional eight months litigating this case on the merits before the court will consider Apple's fully briefed transfer motion. Pet. 4.

This clear abuse of discretion presents a substantial case on the merits warranting a brief stay while this Court considers Apple's petition.

## II. Absent A Stay, Apple Would Be Irreparably Harmed By Participating In Substantive Proceedings In Texas.

Apple has also demonstrated that it would suffer irreparable harm from litigating this case on the merits in an inconvenient forum. Mot. 16-18. Allowing Apple's transfer motion to remain unresolved while "pressing forward with discovery and claim construction issues" will require Apple to spend time and resources litigating the merits of a case "in an inconvenient venue." *TracFone Wireless*, 848 F. App'x at 900 (quoting *Google*, 2015 WL 5294800, at *1). And allowing this case to proceed toward trial in the Western District of Texas risks causing parties and witnesses "the very harm sought to be avoided by

8

transferring venue." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 289 (5th Cir. 2015).

Scramoge cannot dispute that these harms could not "be put back in the bottle." *Id.* at 289-90 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)). So it seeks to diminish them. Scramoge first argues that Apple will suffer no injury absent a stay because it "would still have to undergo the same steps regardless how the transfer issue is decided." Opp. 6. But that is not how § 1404(a) is supposed to work. Requiring parties to fully litigate a case before deciding transfer motions would completely frustrate the purpose of § 1404(a), which is "to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Google*, 2015 WL 5294800, at *1 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

For this reason, and contrary to Scramoge's argument, the venue statute is not focused solely "on convenience for *trial*," Opp. 6, but rather on the convenience of the forum throughout the litigation. That is why this Court has repeatedly underscored "the importance of addressing motions to transfer at the outset of litigation." *In re EMC*

9

*Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013); *see also Apple*, 979 F.3d at 1337-38; *Nintendo*, 544 F. App'x at 941.  The Fifth Circuit likewise requires transfer motions to take "top priority" in litigation.  *Horseshoe Ent.*, 337 F.3d at 433.

The merits of Apple's transfer motion are further bolstered by the parties' related litigation currently pending in the Northern District of California while this case proceeds in parallel, at least for the time being, in Texas.  The same district court transferred *Scramoge Technology Ltd. v. Apple Inc.*, No. 6:21-cv-00579-ADA (W.D. Tex. June 7, 2021) (*Scramoge I*), a case with the same parties and similar accused features, to the Northern District of California, shortly after Apple filed its transfer motion in this case.  *See* Mot. 5-7; Appx228-252.  Scramoge argues that this argument supporting judicial economy is somehow waived because Apple did not raise it in its transfer motion.  Opp. 8-9.  But Apple could not have done so, because the district court granted Apple's motion to transfer *Scramoge I* after Apple had already filed its transfer motion in this case.  Appx105; *see* Pet. 6-7.  In any event, the identity of parties, similarity of accused features, and overlapping witnesses in *Scramoge I* and this case merely serve to reinforce the

10

existing merits of Apple's strong case for transfer. *See* Mot. 16-18; Pet. 6-7.

### III. A Brief Stay Would Not Harm Scramoge.

Meanwhile, Apple has shown that the requested stay would not "substantially injure" Scramoge. *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776); Mot. 18-19. There is no dispute that the stay is likely to be brief. Mot. 19. And Scramoge could be compensated for any delay with money damages should it prevail in this lawsuit, as it does not make or sell products that compete with Apple. *Id.*

Scramoge argues that it has already been prejudiced by the delay in the *Markman* hearing, and that it will suffer further harm from a stay because it "would injure Scramoge's ability to timely enforce its patents." Opp. 8-9. But "delay alone does not constitute prejudice sufficient to deny a request for [a] stay." *E-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013). Prompted by Scramoge's own actions in filing a motion to strike, the district court's order postponed the *Markman* hearing for more than eight months. A brief delay to allow this Court to decide Apple's mandamus petition would cause no harm to Scramoge.

## IV. The Public Interest Favors A Stay.

Finally, Apple has demonstrated that the public interest favors a stay. Mot. 19-20. The Northern District of California has a strong local interest in the case, and the Western District of Texas has none. A stay would protect that local interest until this Court has a chance to intervene. It would also preserve judicial resources. Because Apple's mandamus petition has a strong chance of success, there is a strong chance that the district court's review of substantive issues in the case in the interim will needlessly waste judicial resources. Mot. 20.

Scramoge does not meaningfully dispute this, arguing only that this factor turns on the merits of Apple's transfer motion and the strength of its mandamus petition. Apple moved for a stay, however, because the merits of its mandamus petition and the underlying equities warrant one. This Court should grant Apple's motion for the same reason.

## CONCLUSION

The Court should stay the district court proceedings pending resolution of Apple's mandamus petition.

September 23, 2022

Steven D. Moore
KILPATRICK TOWNSEND &
  STOCKTON LLP
Two Embarcadero Center
Suite 1900
San Francisco, CA  94111

Mansi Shah
KILPATRICK TOWNSEND &
  STOCKTON LLP
1302 El Camino Real, Suite 175
Menlo Park, CA  94025

Alton L. Absher III
KILPATRICK TOWNSEND &
  STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101

Respectfully submitted,

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street NW
Washington, DC  20005
(202) 339-8400

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). The reply is printed in Century Schoolbook 14-point font, and it contains 2310 words, excluding the items listed in Federal Rule of Appellate Procedure 27(a)(2)(B).

                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

                                               */s/ Melanie L. Bostwick*
                                               Melanie L. Bostwick
                                               *Counsel for Petitioner*